**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**CAROLINE PENA, individually and
on behalf of all others similarly situated**

        **Plaintiff,**

**v.**

**HOME CARE OF DENVER, LLC, d/b/a/
ALL STATE HOME HEALTH and
JET HEALTH, INC.,**

        **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Caroline Pena ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against Home Care of Denver, LLC d/b/a/ All State Home Health ("All State") and Jet Health, Inc., ("Jet Health") (collectively, "Defendants") and alleges upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Orders, 7 C.C.R. 1103-1, *et seq.* (the "CMWA"), by knowingly misclassifying its Registered Nurses, Physical Therapists,

Occupational Therapists, Speech Language Pathologists, Medical Social Workers and employees in other similarly-designated skilled care positions ("Clinicians") as overtime exempt and knowingly failing to pay them any overtime premium wages for the hours they worked over 40 in any workweek or over 12 in any workday, despite paying them under a wage scheme that is plainly inconsistent with their classification as overtime exempt.

2.    Plaintiff Pena brings her FLSA claim on a collective basis pursuant to 29 U.S.C. § 216(b) for all similarly situated individuals who worked as home health Clinicians for Defendants at any point during the maximum limitations period (the "FLSA Collective").

3.    Plaintiff Pena brings her Wage Claim Act and CMWA claims as a class pursuant to Fed. R. Civ. P. 23 for all similarly situated individuals who worked as home health Clinicians for Defendants at any point in the state of Colorado during the maximum limitations period ("The Colorado Class").

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that claims under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because this claim arises from the same occurrence or transaction as Plaintiff's FLSA claim and is so related to this claim as to form part of the same case or controversy.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff Pena resides in this District, Plaintiff Pena worked for Defendants in this District, Defendant All

State has its primary place of business in this District, Defendants are alleged to have engaged in the wrongful conduct at issue in this District, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.      Plaintiff Caroline Pena is a resident of Colorado. From January through September 2017, Plaintiff Pena worked as a Registered Nurse for Defendants, performing home health care services in this District. Defendants misclassified their Clinicians, including Plaintiff, as exempt employees for purposes of the FLSA and state law and paid Plaintiff on both an invalid quasi-salary-based compensation scheme and a hybrid per-visit / hourly basis that did not include the payment of any overtime premium wages for any of the work she performed beyond 40 hours in any workweek or any work performed beyond 12 hours in any workday. As a result, Plaintiff Pena is personally familiar with, and was personally affected by, the policies and practices described in this Complaint.

9.      Plaintiff Pena has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Consent Form (Exhibit A).

10.      Defendant Home Care of Denver, LLC d/b/a/ All State Home Health ("All State") is a Colorado corporation with its headquarters located at 945 W. Kenyon Avenue Suite 200, Englewood, Colorado 80110. All State's core business involves the provision of home health care services throughout Colorado. As discussed more fully below, All State is directly responsible for the operation of its home health care business, and for the policies, practices, and conduct at issue in this case.

11.      Defendant Jet Health, Inc. ("Jet Health"), is a Delaware corporation with its headquarters in Irvine, California. Jet Health owns and operates All State.

12.    All State and Jet Health together are a single common "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in related activities, under unified operation and common control, with a common business purpose, and with an annual gross volume of sales or business revenue of at least $500,000.

13.    Since acquiring All State in January of 2017, Defendant Jet Health has had the authority and exerted operational control over the terms and conditions of employment of the employees of All State, including the authority to direct and supervise the work of employees, including Plaintiff and the individuals she seeks to represent in this case, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiff and other similarly-situated employees as exempt, employee compensation and capital expenditures. At all relevant times, Jet Health acted and had responsibility in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs and other similarly-situated employees an overtime premium as required by the FLSA and state law.  By way of just one example, Jet Health's founder, President and CEO Jim Glynn has characterized the company as "as a conglomeration of small, local businesses that do things similarly, on the same system, on the same payroll process, the same metrics and monitoring."[1]

## BACKGROUND FACTS

14.    This action arises out of Defendants' systematic, company-wide wrongful classification of Plaintiff and other similarly situated home health Clinicians as exempt from the overtime compensation requirements of the FLSA and CMWA. The affected employees worked

---

[1] *See* "Home Health Newcomer Has Lofty Ambitions, $50 Million in Capital," available at *http://jethealthinc.com/home-health-newcomer-has-lofty-ambitions-50-million-in-capital/*, last visited January 4, 2019.

for Defendants as Clinicians whose primary duties involved providing health care services to patients in their homes.

15.     For an employer to properly designate an employee as exempt from statutory overtime compensation requirements, it must affirmatively establish that the employee performs job duties that meet one of the statutorily-defined exemptions and that the employee is paid on either a salary-basis or a fee-basis.

16.     Plaintiff's claims are based on Defendants' practice to pay Plaintiff and other Clinicians pursuant to two different unlawful pay schemes: 1) a quasi-salary-based compensation scheme; and 2) a hybrid per-visit and hourly compensation scheme. Neither of these pay schemes meet the salary-basis requirement or the fee-basis requirement of the FLSA, meaning that Defendants had no valid basis to classify Plaintiff, or any other Clinicians, as overtime exempt and, therefore, wrongly deprived these employees of legally-required overtime wages.

17.     Under both pay schemes, Plaintiff and other Clinicians were subject to Defendants' productivity point system that assigns point values to various tasks and "visit types" depending on the length of time they take or are expected to take. The productivity point system is based on a matrix that, for example, for RNs attributes one point for a routine home visit and two points for a "start of care" visit. These point values correlate with the average duration of each visit type.

## Quasi-Salary-Based Compensation Scheme

18.     During her first months of employment, from February 8, 2017 to July 16, 2017, Plaintiff was paid on an invalid quasi-salary basis. Plaintiff and other Clinicians paid under this scheme were required to meet a pre-designated number of productivity points per 4-week period. Defendants monitored Plaintiff and other Clinicians' productivity points every other payroll, or every 4 weeks.

19.    Provided they met their productivity requirement, Defendants paid Plaintiff and other Clinicians a salary each week. When Plaintiff's and other Clinicians' productivity exceeded their minimum requirement, they would be paid a "per visit" rate for each visit performed in excess of the requirement.

20.    On the other hand, if low patient availability prevented Plaintiff and other Clinicians from meeting their productivity requirement, Defendants penalized them by making deductions from their earned paid time off ("PTO"), even though the Clinicians were otherwise available, ready, willing and able to work. If Plaintiff and other Clinicians exhausted their available PTO, Defendants, under this pay scheme, made deductions from their salary at a pre-designated dollar amount per point they were deficient.

21.    Defendants' invalid quasi-salary-based compensation scheme violates the salary basis requirement because Plaintiff and other Clinicians do not receive their full salary if they do not meet their productivity quota and exhaust their available PTO.

**Hybrid Per-Visit and Hourly Compensation Scheme**

22.    From July 16, 2017 until the end of her employment, Plaintiff was paid on a hybrid per-visit and hourly compensation scheme. Under this plan, Defendants compensated Plaintiff and other Clinicians at a base rate for routine visits and at higher rates for other types of visits, like start of care visits, which require more documentation and consume more time than routine visits.

23.    Defendants also paid Plaintiff and other Clinicians an hourly rate for the time they spent performing non-visit related work, including but not limited to time spent attending staff meetings, case conferences, in-service training, and occasional office work.

24.     Defendants' hybrid per-visit and hourly pay plan does not meet the fee basis requirement because it is based, in part, on the number of hours worked rather than the accomplishment of a given single task as required by the FLSA and CMWA.

## Facts Relevant to Both Compensation Schemes

25.     Defendants' compensation plans, which are based on time estimates for visits and not the actual time Clinicians spend working, do not accurately account for the time Plaintiff and other Clinicians spend on a wide array of work-related tasks they were required to perform on a regular basis, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); or ordering, organizing and retrieving equipment and supplies used during their home visits. Together with patient visits, on average Plaintiff and other Clinicians worked well in excess of 40 hours each workweek and more than 12 hours in given workdays, but did not receive compensation for all time worked including overtime. Instead, Plaintiff and other Clinicians were subject to the unlawful pay policies and practices described above, regardless of the actual hours each Clinician actually worked.

26.     Defendants routinely suffered and permitted Plaintiff and other Clinicians to spend more than forty hours per workweek or more than 12 hours per workday performing the various work-related tasks described above.

27.     Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff and other Clinicians worked, and did not require any Clinician, including Plaintiff, to maintain such records.

7

28.     Defendants knew or should have known that Plaintiff and other Clinicians were working more than 40 hours per week and more than 12 hours per workday, because Defendants assigned the work they performed; Defendants tracked their performance of this work; and Defendants required all Clinicians to complete extensive documentation detailing their work and when it was completed.

29.     Defendants knew or should have known that Plaintiff and other Clinicians should have been classified as non-exempt employees because they were responsible for implementing and managing both unlawful compensation systems, neither of which meet any test for exemption under the FLSA and the CMWA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings her FLSA claim on a collective basis pursuant to 29 U.S.C. § 216(b) for all individuals who worked as home health Clinicians for Defendants at any point during the maximum limitations period (the "FLSA Collective").

31.     Plaintiff belongs to the FLSA Collective she seeks to represent, because:

a.     She worked as a home health Clinician for Defendants during the relevant period and had similar job duties to the other members of the FLSA Collective;

b.     Plaintiff and the other members of the FLSA Collective received the same training from Defendants and were required to comply with the same wage and hour policies;

c.     Defendants classified Plaintiff and the other members of the FLSA Collective as exempt from the FLSA's overtime compensation requirements;

d.     Defendants calculated and paid the wages of Plaintiff and the other members of the FLSA Collective based on one or both of Defendants' unlawful pay

schemes;

   e. Defendants routinely suffered and permitted Plaintiff and the other members of the FLSA Collective to work more than 40 hours per workweek;

   f. Defendants did not maintain accurate contemporaneous records of all the hours Plaintiff and the other members of the FLSA Collective worked, and did not require any Clinician, including Plaintiff, to maintain such records;

   g. Defendants knew Plaintiff and the other members of the FLSA Collective were working more than 40 hours per week because Defendants assigned the work they performed, tracked their performance of this work, and required them to complete extensive documentation detailing their work and when it was completed; and

   h. Defendants did not pay Plaintiff and the other members of the FLSA Collective for any overtime premium wages for any of the work they performed beyond 40 hours in any work week.

32. Although Plaintiff and members of the FLSA Collective may have worked in different locations or under different managers, this action may be properly maintained as a collective action because, among other things:

   a. They worked under the same material terms and conditions of employment;

   b. They were all classified as exempt from statutory overtime wage requirements;

   c. They performed similar job duties and had similar job-related responsibilities;

   d. They received common training about their employment and the wage and hour policies and practices at issue here;

e.      They were governed by the same timekeeping policies, practices and systems;

f.      They were governed by the same compensation policies, practices and systems;

g.      They were governed by the same policies, practices and systems concerning work hours and the performance of their work; and

h.      They were governed by the same policies, practices and systems concerning overtime hours and wages.

33.     Plaintiff and members of the FLSA Collective do not meet any test for exemption under the FLSA.

34.     Plaintiff estimates that members of the FLSA Collective, including both current and former employees over the relevant period, will include over one hundred members. The precise number of employees comprising the FLSA Collective will be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## COLORADO CLASS ALLEGATIONS

35.     Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and all other similarly situated Clinicians who worked for Defendants in Colorado at any point during the maximum limitations period (the "Colorado Class").

36.     Plaintiff and other similarly situated Clinicians all worked under common employment policies, were subject to the same compensation scheme, and were subject to the same practices challenged in this action as described above.

37.     Plaintiff belongs to the Class she seeks to represent because she:

a.      Worked for Defendants in Colorado;

b.      Worked for Defendants as a Clinician under the same material terms and conditions of employment as the Colorado Class members;

c.      Was classified as exempt from statutory overtime wage requirements like the Colorado Class members;

d.      Performed similar job duties and had similar job-related responsibilities as the Colorado Class members;

e.      Received the same training about her employment and the wage and hour policies and practices at issue here as the Colorado Class members;

f.      Was governed by the same timekeeping policies, practices and systems as the Colorado Class members;

g.      Was governed by the same compensation policies, practices and systems as the Colorado Class members;

h.      Was governed by the same policies, practices and systems concerning work hours and the performance of their work as the Colorado Class members; and

i.      Was governed by the same policies, practices and systems concerning overtime hours and wages as the Colorado Class members.

## Numerosity

38.     During the relevant period, Plaintiff estimates that more than one hundred Clinicians were employed by Defendants in Colorado who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks or in excess of 12 hours in given workdays.  Accordingly,

Plaintiff satisfies the numerosity requirement as the Colorado Class is so numerous that joinder of all members is impracticable.

39.    Members of the proposed Colorado Class can be identified and located using Defendants' payroll and personnel records. Members of the Colorado Class may be informed of the pendency of this action by direct mail, workplace posting, email, text message, and/or published and broadcast notice.

## Common Questions of Fact or Law

40.    There are questions of fact and law common to the Colorado Class members which predominate over questions affecting only individual members, if any exist. Plaintiff, the members of the Colorado Class, and Defendants have a commonality of interest in the subject matter and the remedy sought.

41.    If individual actions were required to be brought by each member of the Colorado Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the members of the Colorado Class, and to the Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Colorado Class is entitled.

## Typicality

42.    Plaintiff's claims are typical of the claims of the Colorado Class's members.  As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the Colorado Class she seeks to represent.

## Adequacy

43.    Plaintiff is an adequate representative of the Colorado Class she seeks to represent because she is a member of the Colorado Class, and her interests do not conflict with the interests

of the other members of the Colorado Class. The interests of each Colorado Class member will be fairly and adequately protected by Plaintiff and her undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

44.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

45.    Moreover, as the damages suffered by each Colorado Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Colorado Class member to bring individual claims.

46.    The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Colorado Class members to protect their interests.

### COUNT I
### FAIR LABOR STANDARDS ACT SECTION 207
### DEFENDANTS' FAILURE TO PAY EARNED OVERTIME

47.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

48.    Each Defendant is an "Employer" as defined by 29 U.S.C. § 203(d).

49.    The wages Defendants paid to Plaintiff Pena and the FLSA Collective members are

"Wages" as defined by 29 U.S.C. § 203(m).

50.     Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

51.     Plaintiff Pena and the members of the FLSA Collective are "Employees" as defined by 29 U.S.C. § 203(e)(1).

52.     Plaintiff Pena and the members of the FLSA Collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

53.     29 U.S.C. § 207(a)(1) provides that, with certain exceptions not applicable here, non-exempt employees must be paid an overtime premium rate not less than 1½ times their regular rate of pay for all hours worked in excess of 40 hours per week.

54.     29 U.S.C. § 211(c) expressly requires employers to maintain accurate time records of the work performed by their employees.

55.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with its requirements.

56.     Throughout the relevant period, Defendants were obligated to comply with the FLSA's requirements, Plaintiff Pena and the members of the FLSA Collective were covered employees entitled to the FLSA's protections, and Plaintiff Pena and the members of the FLSA Collective were not exempt from receiving wages required by the FLSA for any reason.

57.     Defendants wilfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly classifying Plaintiff Pena and the members of the FLSA Collective as exempt from the FLSA's overtime pay provision despite knowing that its wage schemes do not meet either the salary-basis requirement or the fee-basis requirement of the FLSA.

58.     Defendants willfully violated the FLSA and acted with reckless disregard of clearly

applicable FLSA provisions by knowingly suffering or permitting Plaintiff Pena and the members of the FLSA Collective to regularly work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40.

59.     Defendants willfully violated the FLSA and acted with reckless disregard of clearly applicable FLSA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff Pena and the members of the FLSA Collective worked.

60.     Plaintiff Pena and the members of the FLSA Collective have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime wages owed for work they performed from which Defendants derived a direct and substantial benefit.

61.     Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff Pena and the members of the FLSA Collective all wages mandated by the FLSA.

## COUNT II
## COLORADO MINIMUM WAGE ACT AND MINIMUM WAGE ORDERS
## DEFENDANTS' FAILURE TO PAY MINIMUM AND OVERTIME WAGES

62.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

63.     Plaintiff Pena and other similarly situated home health Clinicians that currently work or worked for Defendants in Colorado during the applicable statute of limitations period (the "Colorado Class") meet the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64.     Each Defendant is an "employer" as defined by 7 C.C.R. 1103-1 § 2.

65.     The unpaid wages at issue in this litigation are "Wages" as defined by 7 C.C.R. 1103-1 § 2.

66.     Plaintiff Pena and the Colorado Class members are "Employees" as defined by 7 C.C.R. 1103-1 § 2.

67.     CO Rev. Stat. § 8-6-101 *et seq.*, as well as the applicable enabling Regulations found at 7 C.C.R. 1103-1 § 3 require employers to pay their employees an adequate minimum wage for all hours worked.

68.     CO Rev. Stat. § 8-6-104 and the applicable enabling Regulations found at 7 C.C.R. 1103-1 § 4 state that employees shall be paid for all hours worked in excess of 40 hours per week or 12 hours per workday at a rate not less than 1½ times their regular rate of pay.

69.     7 C.C.R. 1103-1 § 12 requires employers to keep a true and accurate record of the hours worked by each employee.

70.     CO Rev. Stat. § 8-6-117 expressly allows private plaintiffs to bring a civil action to enforce an employer's failure to comply with the CMWA's requirements.

71.     CO Rev. Stat. § 8-6-117 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

72.     Throughout the relevant period, Defendants were obligated to comply with the CMWA's requirements, Plaintiff Pena and the Colorado Class members were covered employees entitled to the CMWA's protections, and Plaintiff Pena and the Colorado Class members were not exempt from receiving wages required by the CMWA for any reason.

73.     Defendants willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly classifying Plaintiff Pena and the Colorado

Class members as exempt from the CMWA's overtime pay provision despite knowing that its wage schemes do not meet the salary-basis requirement of the CMWA. *See, e.g.*, 7 C.C.R. 1103-1 § 5(c) (to qualify under the Professional Exemption, the employee must be "a *salaried* individual employed in a field of endeavor…") (emphasis added).[2]

74.    Defendants willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly suffering or permitting Plaintiff Pena and the Colorado Class members to regularly work more than 40 hours per workweek or more than 12 hours per workday without ensuring they were paid at an overtime premium rate.

75.    Defendants willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly failing to pay Plaintiff Pena and the Colorado Class members any wages for a wide array of work-related tasks they were required to regularly perform, including: preparing for patient visits; communicating with patients, physicians and case managers about scheduling, patient-care and logistical matters; coordinating patient care with other providers; travelling between patients' homes; documenting information from patient visits ("charting"); and ordering, organizing, or retrieving equipment and supplies to be used during their home visits.

76.    Defendants willfully violated the CMWA and acted with reckless disregard of clearly applicable CMWA provisions by knowingly failing to create or maintain accurate records of the time Plaintiff Pena and the Colorado Class members worked.

---

[2]     7 C.C.R. 1103-1 § 5(c) provides that the salary basis requirements for a professional exemption do not apply to doctors, lawyers, teachers, and employees in highly technical computer occupations earning at least $27.63 per hour. Because Plaintiff Pena and the Colorado Class are not included in this exception, Defendants must prove that Plaintiff Pena and the Colorado Class are paid on a salary basis.

77.    Plaintiff Pena and the Colorado Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

78.    Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiff Pena and the Colorado Class members all wages mandated by the CMWA.

79.    As a result of Defendants' violations of the CMWA, Plaintiff Pena and other members of the Colorado Class have suffered harm and are entitled to recoup their unpaid wages and other losses in an amount to be determined at trial, along with, interest and reasonable attorneys' fees and costs.

**COUNT III**
**VIOLATION OF THE COLORADO WAGE CLAIM ACT**
**DEFENDANTS' FAILURE TO PAY WAGES DUE**

80.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

81.     Each Defendant is an "Employer" within the meaning of the Wage Claim Act, C.R.S. § 8-4-101(5).

82.    Each Defendant employed "Employees," including Plaintiff and members of the Colorado Class, within the meaning of the Wage Claim Act, C.R.S. § 8-4-101(4).

83.    As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due to Plaintiff and members of the Colorado Class under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, as implemented by the relevant Colorado Minimum Wage Orders, thereby violating, and continuing to violate, the Wage Claim Act, § 8-4-101, *et seq*.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

84.    As a result, Plaintiff and members of the Colorado Class have been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of herself and all Colorado Class members in an amount sufficient to provide compensation for all hours worked that were not compensated properly.  This demand for payment is continuing and is made on behalf of any current All State and Jet Health employees whose employment terminates at any time in the future.  Such payment can be made care of undersigned counsel at the listed address.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, by and through her attorneys, demands judgment against Defendants, and each of them, jointly and severally, and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

a.    authorize this matter to proceed as a collective action with respect to Count I;

b.    authorize this matter to proceed as a class action with respect to Counts II and III;

c.    appoint Stephan Zouras, LLP and The Law Offices of Brian D. Gonzales, PLLC to serve as Class Counsel;

d.    award judgment in favor of Plaintiff and against Defendants, and each of them, jointly and severally, for an amount equal to unpaid overtime compensation owed to Plaintiff and the members of the FLSA Collective;

e.    award judgment in favor of Plaintiff and against Defendants, and each of them jointly and severally, for an amount equal to Plaintiff's and Colorado Class members' unpaid wages pursuant to the applicable wage

rates under the CMWA;

f.    award judgment in favor of Plaintiff and against Defendants, and each of them jointly and severally, for an amount equal to Plaintiff's and Colorado Class members' unpaid wages due pursuant to the Wage Claim Act;

g.    declare that Defendants' violations of the FLSA, CMWA, and Wage Claim Act were willful;

h.    award Plaintiff and members of the FLSA Collective liquidated damages in accordance with the FLSA;

i.    award Plaintiff and members of the Colorado Class penalties in accordance with Colorado statutory provisions;

j.    certify this action as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and certify the Colorado Class set forth above;

k.    declare and find that Defendants willfully violated all applicable record keeping statutes;

l.    award Plaintiff reasonable attorneys' fees and all costs of the collective action, to be paid by Defendants, in accordance with the FLSA;

m.    award Plaintiff reasonable attorneys' fees and all costs of the Colorado Class action, to be paid by Defendants, in accordance with the CMWA and Wage Claim Act;

n.    award pre- and post-judgment interest and court costs as further allowed by law;

o.    award a reasonable service award for Plaintiff to compensate her for the time and effort spent protecting the interests of other Clinicians, and the risks she has undertaken;

p.    grant Plaintiff and the FLSA Collective leave to add additional plaintiffs

by motion, the filing of written consent forms, or any other method
approved by the Court;

q.       provide additional general and equitable relief to which Plaintiff and the
Colorado Class may be entitled; and,

r.       provide further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial
by jury.

Dated: January 9, 2019                    Respectfully submitted,


By:


*s/Brian D. Gonzales*
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562
bgonzales@coloradowagelaw.com


Ryan F. Stephan (*will file Pro Hac Vice*)
James B. Zouras (*will file Pro Hac Vice*)
Teresa M. Becvar (*will file Pro Hac Vice* )
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550
(312) 233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com


*Attorneys for Plaintiff and the Putative
Collective and Class*