IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00069-CMA-NYW

CAROLINE PENA,

   Plaintiff,

v.

HOME CARE OF DENVER, LLC, d/b/a All State Home Health, and
JET HEALTH, INC.,

   Defendants.

---

**ORDER GRANTING IN PART MOTION FOR ORDER FOR COLLECTIVE ACTION NOTICE**

---

This matter is before the Court on the parties' Stipulation and Motion for an Order for Collective Action Notice (Doc. # 36). The parties request that the Court enter an Order (1) conditionally certifying Plaintiff Caroline Pena's collective action arising under the Fair Labor Standards Act ("FLSA") against Defendants Home Care of Denver, LLC, d/b/a All State Home Health and Jet Health, Inc. ("Defendants") and (2) authorizing the dissemination of Plaintiff's proposed Notice and Consent Form to potential plaintiffs. (*Id.* at 1.) Having reviewed the Motion, applicable law, and pertinent record, for the following reasons, the Court GRANTS IN PART the parties' Motion.

## I.     BACKGROUND

Plaintiff worked as a Registered Nurse for Defendants performing home health services. (Doc. # 1 at ¶ 8.) Plaintiff alleges that Defendants misclassified her and other clinicians as exempt for purposes of the FLSA and state law, and as a result, compensated Plaintiff without consideration of overtime wages for any of the work that she performed beyond 40 hours in any workweek or beyond 12 hours in any workday. (*Id.* at ¶¶ 8, 14–17, 25–29.) Based on these allegations, Plaintiff asserts a collective action under the FLSA (*id.* at ¶¶ 47–61) and class action claims[1] under Colorado law (*id.* at ¶¶ 62–84).

## II.     CONDITIONAL COLLECTIVE ACTION CERTIFICATION

Section 216(b) of the FLSA provides a unique procedural mechanism allowing "collective" actions for minimum wage and/or overtime violations. Such actions "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, a "collective class" under the FLSA includes only those individuals who expressly opt into the class in writing. *Id.* The trial court is tasked with determining who is "similarly situated" for purposes of a § 216(b) claim in a "manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989) (noting

---

[1] Plaintiff has not moved for class certification under Rule 23.

2

the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner").

The Tenth Circuit has approved the use of a two-step process for determining whether putative employees are "similarly situated" to the named plaintiff(s) for purposes of § 216(b). *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–05 (10th Cir. 2001). Only the first stage is relevant here.[2]

During this stage, the court makes an initial, so-called "notice" determination of whether the named plaintiff and the proposed opt-in class members are "similarly situated." *Id.* at 1102–03; *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). This "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). "[A] court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA, 2012 WL 1414325 at *3 (D. Colo. Apr. 21, 2012) (citation omitted). In making this preliminary decision, "the court does not weigh evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." *Id.* The standard at this notice juncture is a "fairly lenient" one and usually results in conditional certification. *Thiessen,* 267 F.3d at 1103 (describing the standard as "fairly lenient"); *Mooney*, 54

---

[2] The second stage occurs at the end of discovery and is often prompted by a motion to decertify by the defendant. *Thiessen*, 267 F.3d at 1102–03; *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D. Colo. 1997).

F.3d at 1214 ("Because the court has minimal evidence, [the notice-stage] determination . . . typically results in 'conditional certification' of a representative class").

In the instant action, the parties stipulate and agree that the Court should conditionally certify the proposed collective action. (Doc. # 36 at 2, ¶ 1.) Having reviewed Plaintiff's Complaint (Doc. #1) and applicable law, the Court finds that Plaintiff's substantial allegations support that Plaintiff and any other present or former employee eligible under the proposed collective action definition "were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678). Indeed, the alleged FLSA violations arise from Defendants' single decision, policy, or plan regarding the classification and compensation of past and current employees within the proposed definition. (Doc. # 1 at ¶¶ 18–34.) Accordingly, the Court conditionally certifies the following class:

> All present and former employees of All State Home Health who were employed as home health Clinicians (defined as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, and Medical Social Workers) at any time from May 10, 2016 through the present and who were paid on a quasi-salary basis.

### III.   NOTICE AND CONSENT FORMS

"Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate[;] it should not alter plaintiffs' proposed notice unless such alteration is necessary." *Bryant v. Act Fast Delivery of Colorado, Inc.*, No. 14-CV-00870-MSK-NYW, 2015 WL 3929663, at *5 (D. Colo. June 25, 2015). The *Hoffmann-La Roche* notice should describe the nature of the FLSA "collective action," the FLSA claim and remedies, and offer the recipient the opportunity to "opt-in" to the action by filing a

consent. *Johnson v. Colorado Seminary*, No. 1:17-cv-02074-MSK-KMT, Doc. # 31 (D. Colo. Nov. 20, 2017). It should also advise recipients of their right to be represented by counsel for the original plaintiff, to obtain independent representation, or to participate *pro se*. *Id.* at *6. It may also describe certain rights of an "opt-in" plaintiff, including the right not to be bound by a settlement that the original plaintiff advocates. *Id.* It should explain that if the employee does not "opt-in" she or he will not benefit from any recovery obtained therein, but the employee can pursue an independent action or otherwise assert a claim. *Id.*

In the instant case, the parties stipulate and agree that Plaintiff's Proposed Notice and Consent Form (Doc. # 36-1) should be disseminated to the potential collective action members according to the terms and conditions of the proposed Order (Doc. # 36 at 2–3, ¶¶ 2–4.) Having reviewed the Stipulation, the Court agrees that the dissemination conditions and method are "fair and accurate." *Bryant*, 2015 WL 3929663 at *5. However, the proposed Notice and Consent Form do not contain information necessary to ensure that both documents are "fair and accurate." This Court previously approved notice and consent forms that "advise[d] recipients of their rights to be represented by counsel for the original plaintiff, to obtain independent representation, or to participate *pro se*" and "certain rights of an 'opt-in' plaintiff, including the right not to be bound by a settlement that the original plaintiff advocates." *Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-SKC, 2018 WL 4328170, at *3 (D. Colo. Sept. 11, 2018); *Johnson*, No. 17-cv-02074-MSK-KMT, Doc. ## 31, 12-5, 12-6. The proposed Notice and Consent Form fail to include such requisite information.

First, the proposed Notice and Consent Form fail to advise potential plaintiffs that she or he may choose to opt-in to the collective action and represent her or himself. (Doc. # 36-1 at 4.) Instead, Section VIII of the proposed Notice provides:

> Counsel representing the Named Plaintiff in this lawsuit are: James B. Zouras, Esq., Ryan F. Stephan, Esq., and Teresa M. Becvar, Esq. of STEPHAN ZOURAS, LLP . . . Unless you choose another lawyer, these attorneys would represent you in this lawsuit if you wish to join the lawsuit.

(*Id.* at 4.) Neither Section VIII nor any other section of the proposed Notice advises a potential plaintiff that she or he may opt-in and proceed *pro se*. Furthermore, the proposed Consent Form provides only one option for a potential plaintiff to select if she or he chooses to opt-in the collective action—that she or he must designate the law firm Stephan Zouras, LLP to represent them "for all purposes of this action[.]" (*Id.* at 5.) The proposed Consent Form is similarly deficient in that it fails to advise a potential plaintiff of her or his right to obtain independent legal counsel or proceed *pro se*. *Ortez*, 2018 WL 4328170 at *3. Accordingly, to ensure that the proposed Notice and Consent Form are "fair and accurate," both documents must be modified to advise a potential plaintiff that she or he may opt-in the collective action and choose either to be represented by Plaintiff's counsel, to obtain independent representation, or to participate *pro se*.

Second, the proposed Notice fails to advise a potential plaintiff of her or his opt-in right to join the collective action **and** decline to be represented by the Named Plaintiff. The proposed Notice provides that any potential plaintiff who chooses to "join this suit," must "designate the Named Plaintiff as your agent to make decisions on your behalf concerning the litigation." (Doc. # 36-1 at 3.) However, such language omits the required advisement of "certain rights of an 'opt-in' plaintiff, including the right not to be

6

bound by a settlement that the original plaintiff advocates." *Ortez*, 2018 WL 4328170 at *3 (citing *Johnson*, No. 17-cv-02074-MSK-KMT, Doc. # 31 at 6). Indeed, this Court previously approved a notice that contained an express advisement that if a potential plaintiff chose to "participate personally," she or he will "make decisions on [her or his] own behalf concerning what claims and arguments should be presented and how, whether to accept any settlement offer or proceed to trial, and any other matters pertaining to this lawsuit." *Ortez*, No. 17-cv-01202-CMA-SKC, Doc. # 42-1 at 2; *see also Johnson*, No. 17-cv-02074-MSK-KMT, Doc. ## 31, 12-5 at 2–3. Therefore, to ensure that the proposed Notice is "fair and accurate," it must be modified to advise a potential plaintiff of her or his opt-in rights, including whether to decline to be represented by the Named Plaintiff, whether to choose to make decisions on her or his own behalf concerning what claims and arguments should be presented and how, whether to accept any settlement offer or proceed to trial, and whether to be bound by a settlement that the Named Plaintiff advocates.

## IV.  CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The parties Joint Stipulation and Motion for Order for Collective Action Notice (Doc. # 36) is GRANTED IN PART as follows:

    a. The following class is conditionally certified:

    All present and former employees of All State Home Health who were employed as home health Clinicians (defined as Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, and Medical Social Workers) at any time from May 10, 2016 through the present and who were paid on a quasi-salary basis.

7

2. Plaintiff's proposed Notice (Doc. # 36-1 at 2–4) and Consent (Doc. # 36-1 at 5) are APPROVED, subject to the Notice and Consent Form being amended to accurately reflect the advisement of opt-in rights as set forth above;

3. Within 14 days from this Order, the parties shall stipulate to and file amended versions of the proposed Notice and Consent Form that reflect the Court-ordered modifications as set forth above;

4. Within 28 days of the Court's approval of the amended Notice and Consent Form, Defendants shall furnish to Plaintiff's counsel a list containing the names, last known addresses, email addresses, telephone numbers, and dates of employment for the agreed upon defined group set forth above in Paragraph 1(a). This mailing list is to be furnished in electronic form and shall be treated by the parties as confidential. The 28-day deadline to provide the foregoing information may be extended by mutual agreement of the parties;

5. The Court-approved Notice and Consent Form shall be sent within 14 days of Defendant's Paragraph 4 disclosure; the opt-in period will run 45 days from the date the first Notice and Consent Form are mailed.

DATED:  October 29, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge