# EXHIBIT A

| | |
|---|---|
| **From:** | Morgan Podruski |
| **To:** | Teresa Becvar; Elizabeth Kruckenberg |
| **Subject:** | [EXTERNAL] RE: Pena v. All State, et al. Settlement Administration |
| **Date:** | Monday, August 17, 2020 7:50:26 PM |

Teresa,

Yes, that particular employee was paid on a quasi-salary basis until January 2020.

Let's discuss the contact information issue later this week when you have a chance. I don't understand why you would need it given the settlement (we never provide it), but I would like to work this issue out informally.

Thanks,
Morgan



Morgan Podruski

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Teresa Becvar [mailto:TBecvar@stephanzouras.com]
**Sent:** Monday, August 17, 2020 5:25 PM
**To:** Morgan Podruski <mpodruski@calljensen.com>; Elizabeth Kruckenberg <elizabeth@phoenixclassaction.com>
**Subject:** RE: Pena v. All State, et al. Settlement Administration

Morgan,

If PENVAST105 was paid on what we've referred to as a "quasi-salary" basis until January 2020 and did not receive overtime pay, then that makes sense and I approve the allocation. If that is not the case, then we should discuss further.

With regard to the class list, your understanding is incorrect. Not only is the language in the settlement agreement absolutely clear and unambiguous that we receive class member names and contact information, defendants previously stipulated to provide that information – and the court ordered defendants to provide it – back in October 2019 in conjunction with conditional certification. Defendants have no basis to withhold that information now.

In the interest of resolving our disagreement, I can agree to allow redaction of SSNs, unless we later need that information to verify a class member's identity. However, if you continue to block our

rightful access to class members' names and contact information, we face no choice but to move to enforce the settlement agreement and seek our fees and costs for doing so.

Teresa

---

**From:** Morgan Podruski <mpodruski@calljensen.com>
**Sent:** Monday, August 17, 2020 2:56 PM
**To:** Teresa Becvar <TBecvar@stephanzouras.com>; Elizabeth Kruckenberg <elizabeth@phoenixclassaction.com>
**Subject:** [EXTERNAL] RE: Pena v. All State, et al. Settlement Administration

Hi Teresa,

Caroline Pena is PENVAST107. With regard to PENVAST105, that individual worked as a non-exempt employee until January 2020, which is the reason for the discrepancy.

Based on our discussions in our revisions to the settlement agreement, my understanding is that your office would not receive a class list, which is the reason why we removed Exhibit A to the settlement agreement and had Phoenix handle the calculations, rather than your office. To the extent that the settlement agreement specifies otherwise, it is a mistake.

Feel free to call me if you want to further discuss.

Thanks,
Morgan

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Teresa Becvar [mailto:TBecvar@stephanzouras.com]
**Sent:** Sunday, August 16, 2020 1:48 PM
**To:** Elizabeth Kruckenberg <elizabeth@phoenixclassaction.com>; Morgan Podruski <mpodruski@calljensen.com>
**Subject:** RE: Pena v. All State, et al. Settlement Administration

Hi Elizabeth and Morgan,

I have a couple of questions/comments regarding the calculations. First, under the settlement agreement we are entitled to receive (and indeed should have already received) the identification information for each of the class members, so I do not understand why I this version is redacted. At the very least, I will need this information before notice goes out – without it, it is impossible to respond to any a class member who may reach out to me with questions about the settlement. Also, I need to know which one of these individuals is Caroline Pena.

Second, the information seems to match the information I received previously, except with regard to the workweeks of the class member labeled as PENVAST105. In my records, I had that individual's employment dates as November 5, 2017 to June 22, 2019, which comes out to 85 workweeks, but defendants' calculation shows 115. If this individual was actually employed past June 2019, or if there is another reason of the discrepancy, I need to know.

Thanks,
Teresa

---

**From:** Elizabeth Kruckenberg <elizabeth@phoenixclassaction.com>
**Sent:** Thursday, August 13, 2020 4:46 PM
**To:** Teresa Becvar <TBecvar@stephanzouras.com>; Morgan Podruski <mpodruski@calljensen.com>
**Subject:** [EXTERNAL] RE: Pena v. All State, et al. Settlement Administration

Counsel,

Attached are the final calculations and updated Notice for your review.

Morgan, the additional amount needed for employer-sided taxes is $[REDACTED]. Your Client can pay this amount by check or wire. We will need it prior to disbursement on the 26th.

Please advise of any additional changes, or your approval.

Thanks,
Elizabeth

---

